[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12216
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 20, 2011
JOHN LEY
CLERK

D.C. Docket No. 9:09-cv-80794-WJZ

JAVIER AVILES,

Plaintiff - Appellant.

versus

CHARLES SCHWAB & CO., INC.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 20, 2011)

Before EDMONDSON, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Defendant-Appellant Javier Aviles appeals the district court's confirmation

of an arbitration award in favor of Plaintiff-Appellee Charles Schwab & Co.

("Schwab") and the denial of Aviles' motion to vacate this award. No reversible error has been shown; we affirm.

Aviles, a former employee of Schwab, left Schwab to join Banc of America Investment Services, Inc. ("BAI") in 2007. Schwab initiated arbitration proceedings against both Aviles and BAI before the Financial Industry Regulatory Authority ("FINRA") alleging that Aviles improperly was soliciting Schwab clients.[1] Schwab's claims against Aviles and BAI included these claims: breach of contract, misappropriation and misuse of trade secrets, breach of duty of loyalty, breach of fiduciary duty, tortious interference with contractual and business relations and unfair competition.

Following several days of hearings, the arbitration panel entered an award of $1,400,000 in favor of Schwab and against Aviles.[2] Aviles timely filed a Motion to Vacate Arbitration Award in state court and Schwab removed the action to the federal district court. In his motion to vacate, Aviles alleged that the arbitrators (i) refused to hear material evidence; (ii) refused to postpone the hearing upon sufficient cause shown; and (iii) rendered an award that violates

[1] At the same time that Schwab commenced arbitration proceedings, Schwab applied to the District Court for the Southern District of Florida for a preliminary injunction against Aviles; a preliminary injunction was granted.

[2] The arbitration panel dismissed BAI from the arbitration.

public policy, is arbitrary and capricious, irrational, and in manifest disregard of the law.

After the case was removed, Aviles filed a Motion to Amend Motion to Vacate to add a new claim of arbitrator bias. In this proposed amended motion, Aviles presented an affidavit from Marc Dobin that Aviles asserts supports a claim of bias or partiality on the part of the arbitration panel chair, David Slater.

Dobin's affidavit states that he served with Slater as an arbitrator on a FINRA arbitration panel unrelated to the arbitration between Aviles and Schwab. Dobin alleges that Slater made statements to him about Slater's views on the role of arbitrators. Specifically, Dobin said these things:

> in regard to an arbitration by a securities firm against its former financial advisor concerning enforcement of a non-solicitation agreement and related alleged misappropriations of trade secrets, Mr. Slater told me that in his view, if a court enters a preliminary injunction or temporary restraining order against the financial advisor before the arbitration, then his only task as an arbitrator in the subsequent arbitration on the merits, is to quantify and award damages against the financial advisor.

Dobin affirmed that Slater did not mention the case by name and did not identify the parties during the conversation; Dobin was not even aware of Aviles' case by name until he looked it up on the internet after the award was rendered.[3]

---

[3]Dobin also attached to his affidavit a copy of an email that was sent to him by Slater on 15 April 2009 that stated: "Just awarded C. Schwab 1.4 mil."

The alleged conversation between Slater and Dobin pre-dated the Aviles-Schwab arbitration hearings.

Aviles contends that because a preliminary injunction was entered against Aviles before the arbitration hearing, Slater's opinion -- as retold by Dobin -- is one of bias against Aviles and is grounds for overturning the award.

The district court rejected Aviles' arguments. The district court concluded that under the FINRA rules, Aviles had to file his motion to vacate the award within 30 days, that the grounds for vacating the award set out in the original motion were without merit, and that the amended motion was not timely filed and did not relate back to the original motion. But the district court also considered the bias claim set out in the proposed amended motion and concluded that the claim advanced failed to warrant vacatur of the arbitration award.

Although the parties have devoted much of their briefs before us to the timeliness of the amended motion to vacate and whether relation-back applies, we will assume (for the sake of discussion) the district court erred in its conclusion of untimeliness. Even assuming timeliness, we affirm the district court's decision: none of the arguments made by Aviles justify vacating the award.

"We review confirmations of arbitration awards and denials of motions to vacate arbitration awards under the same standard, reviewing the district court's

4

findings of fact for clear error and its legal conclusions *de novo*." Frazier v. CitiFinancial Corp., 604 F.3d 1313, 1321 (11ᵗʰ Cir. 2010). The Federal Arbitration Act ("FAA") expresses a presumption that arbitration awards will be confirmed. Booth v. Hume Pub., Inc., 902 F.2d 925, 932 (11ᵗʰ Cir. 1990). And the statutory grounds for vacating an award set out in the FAA are exclusive. Frazier, 604 F.3d at 1322-23.

The FAA provides for vacatur of an arbitration award only in four narrow circumstances:

> (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers....[4]

9 U.S.C. § 10.

Aviles argued in his original motion that the arbitrators refused to hear evidence material to the controversy. At the hearing, Aviles submitted certain unsworn declarations that were forms prepared by Aviles (or on his behalf) with blanks to be filled in by former Schwab clients who followed Aviles to BIA.

---

[4]The FAA also allows a district court to correct or modify an award under limited circumstances not relevant here. See 9 U.S.C. § 11.

These forms stated "My decision to transfer my account to Banc of America was based solely on my own determination that it was advantageous for me to continue dealing with Javier Aviles. I was not induced, solicited, or persuaded by Javier Aviles to transfer my account." Each form contained a signature line at the bottom.

Before the hearing, Schwab filed a motion in limine to exclude the unsworn forms. The arbitration panel granted Schwab's motion; the chair of the panel said that the panel did not want to see anything that was "not sworn to, authenticated et cetera." But Aviles was told that the chair would sign subpoenas to allow Aviles to present this evidence in an acceptable manner. Also, the chair reminded Aviles that telephonic testimony was always available if someone was out-of-town or otherwise unable to attend the hearings. Aviles decided not to avail himself of the options presented to him by the chair.

Arbitrators enjoy wide latitude in conducting an arbitration hearing. When a party challenges an evidentiary decision of the arbitration panel, a federal court may vacate the award only if the arbitrator's refusal to hear pertinent and material evidence prejudiced the rights of the parties to the arbitration proceedings. Rosensweig v. Morgan Stanley & Co., 494 F.3d 1328, 1333 (11th Cir. 2007). The reasonable requirement that the proffered forms be authenticated did not prejudice

6

Aviles' right to present all evidence pertinent and material to the controversy.[5]

Aviles also argues that the Dobin affidavit demonstrates "evident partiality" on the part of the chair of the arbitration panel. The evident partiality exception is to be strictly construed. Gianelli Money Purchase Plan & Trust v. ADM Investor Servs., 146 F.3d 1309, 1312 (11th Cir. 1998). A party challenging an arbitration award must show that the alleged partiality is "direct, definite and capable of demonstration rather than remote, uncertain and speculative." Id. (internal quotation and citation omitted). The party seeking vacatur must point to evidence of an actual conflict of interest or identify a business or other connection that might create a reasonable impression of possible bias that the arbitrator failed to disclose. See id. at 1312-13; Scott v. Prudential Securities, Inc., 141 F.3d 1007, 1016 (11th Cir. 1998).

The Dobin affidavit presents no evidence of "partiality." The partiality provision is about "dealings that might create an impression of possible bias."

---

[5]Aviles also argued before the district court that he was prejudiced when the panel refused to postpone the hearing so that he could review tapes of recorded telephone conversations between Schwab and customers formerly serviced by Aviles. That Aviles still relies on this argument is not clear. When the panel granted Aviles' motion to require production of the tapes before the start of Aviles' presentation, the panel noted that it would consider an application for additional hearing dates if that were necessary. The FAA requires the party seeking a postponement to advance a "sufficient cause" for the delay. 9 U.S.C. § 10(a)(3); see Scott v. Prudential Securities, Inc., 141 F.3d 1007, 1016 (11th Cir. 1998). Aviles fails to show that the recorded phone calls would have altered the outcome of the proceedings and fails to show how he was prejudiced by the panel's refusal to delay the proceedings.

Commonwealth Coatings Corp. v. Continental Casualty Co., 89 S.Ct. 337, 339 (1968). Partiality as used in the FAA is synonymous with bias in favor of or against a party.

The affidavit does not indicate that the chair of the arbitration panel was biased against Aviles or predisposed in favor of Schwab or had any prior dealings or relationship that required disclosure. At most, the affidavit is evidence that the chair's understanding on a matter of law (the relationship between the issuance of the temporary injunction and the panel's consideration of the merits) was incorrect before the hearing.[6] Incorrect understanding of a legal issue evidences no bias or hostility toward a party. Even manifest disregard of the law is no longer a valid independent, non-statutory ground upon which an arbitration award may be set aside. Frazier, 604 F.3d at 1321-23; see Citigroup Global Markets Inc. v. Bacon, 562 F.3d 349, 358 (5th Cir. 2009) (cited in Frazier).[7] That Slater may possibly

---

[6]At the hearing, the chair asked: "I am aware that there was a federal court proceeding, so in your opening let us know what -- somebody briefly should tell us what that was and what if any significance it has on this." Counsel for Aviles explained in detail that the injunction proceedings were much different from the case before the arbitrators; it was designed to maintain the status quo during the hearing. The panel was advised that "the federal court did not purport to control the outcome of this arbitration award." The arbitrators, moreover, held bifurcated proceedings for liability and for damages; it heard several days of testimony on the issue of liability.

[7]Even before Frazier, an incorrect legal conclusion by an arbitrator was no ground for setting aside an arbitration ruling in this Circuit. See, e.g., B.L. Harbert Int'l v. Hercules Steel Co., 441 F.3d 905, 911 (11th Cir. 2006); Montes v. Shearson Lehman Bros., 128 F.3d 1456, 1460 (11th Cir. 1997).

have held an incorrect understanding of the law before the start of the hearing states no ground for vacating the award.[8]

Aviles also contends that the district court should have held a hearing and that he should have been allowed to conduct discovery to see if he could find evidence of bias. Because Aviles failed to allege sufficient basis to support his claims for vacatur, the district court committed no error. See O.R. Securities, Inc. v. Professional Planning Assocs., 857 F.2d 742, 746 n.3; 747-48 (11th Cir. 1988).

AFFIRMED.[9]

---

[8]Aviles also argues that the email (set out in Footnote 3) sent by Slater to Dobin supports vacating the award. That this argument was made to the district court is not clear. In any event, even assuming the email violated some rule of confidentiality, Aviles cites to no authority that such a confidentiality violation provides a basis to vacate the award under the FAA. The email presents no evidence of partiality or prejudice or any other FAA basis for vacating an award.

[9]Schwab argues that Aviles' challenge to the arbitration award is frivolous and seeks sanctions. Schwab's motion for sanctions is denied.