**V5 INVESTMENTS, LLC, Thomas Vooris, and Laura Vooris, Plaintiffs,**

v.

**GOWAITER BUSINESS HOLDINGS, LLC and Tony Ceppaluni, Defendants.**

**Case No: 6:15-cv-2065-Orl-40KRS**

United States District Court, M.D. Florida, **Orlando Division.**

Signed September 28, 2016

Matthew Robert Rosenkoff, Taylor English Duma, LLP, Atlanta, GA, for Plaintiffs.

Cheryl L. Wilke, Daniel A. Krawiec, Hinshaw & Culbertson, LLP, Ft. Lauderdale, FL, Peter Joel Frommer, Goldberg Segalla, LLP, West Palm Beach, FL, for Defendants.

## ORDER

Paul G. Byron, United States District Judge

This cause comes before the Court without oral argument[1] on Plaintiffs' application to vacate an arbitration award entered on November 24, 2015. (Doc. 10). Defendants responded in opposition and additionally filed a cross-motion to confirm the award. (Doc. 20). Plaintiffs have responded to Defendants' cross-motion, (Doc. 22), and this matter is now ripe for adjudication. Upon review of the arbitration record and the parties' respective briefs, the Court will confirm the arbitration award.

## I. BACKGROUND

This case arises out of a franchise dispute between Plaintiffs, V5 Investments, LLC ("V5"), Thomas Vooris, and Laura Vooris, and Defendants, GoWaiter Business Holdings, LLC ("GWBH") and Tony Ceppaluni. Mr. Ceppaluni is the CEO of GWBH, which is the franchisor of a restaurant delivery system called "GoWaiter." In 2013, V5 executed three franchise agreements with GWBH, thereby becoming a GoWaiter franchisee. Mr. and Mrs.

Vooris are the sole members of V5, and each personally guaranteed the three franchise agreements between V5 and GWBH.

Beginning in early 2014, the parties became embroiled in various disputes revolving around the GoWaiter franchise and V5's franchise agreements with GWBH. Because the franchise agreements contained mandatory arbitration provisions, the parties submitted their disputes to an arbitrator. After conducting a three-day hearing, the arbitrator entered an interim award, and subsequently a final award, in favor of Defendants. Plaintiffs now move to vacate that award pursuant to the Federal Arbitration Act ("FAA"), and Defendants cross-move to confirm the award.

## II. DISCUSSION

### A. Plaintiffs' Motion to Vacate the Arbitration Award[2]

■ The FAA permits a district court to vacate an arbitration award under only four circumstances:

(1) [W]here the award was procured by corruption, fraud, or undue means;

(2) [W]here there was evident partiality or corruption in the arbitrators, or either of them;

(3) [W]here the arbitrators were guilty of misconduct in refusing to postpone the hearing ... or in refusing to hear evidence pertinent and material to the controversy; or of any

---

1. Although Plaintiffs request oral argument in this matter, (Doc. 23), the Court finds that the parties have adequately briefed all issues and that a hearing is not necessary to reach a decision. *See O.R. Sec., Inc. v. Prof'l Planning Assocs., Inc.*, 857 F.2d 742, 746 & n.3 (11th Cir.1988) (finding that a district court may properly consider the merits of a request to vacate an arbitration award without a hearing where the parties' briefs sufficiently address all relevant issues).

2. Although the FAA requires a party to file a motion in order to vacate an arbitration award, the Court finds that the parties have adequately briefed the issue of vacatur such that the Court may properly construe Plaintiffs' Amended Complaint as a motion to vacate. *See Johnson v. Directory Assistants Inc.*, 797 F.3d 1294, 1299 (11th Cir.2015) (per curiam).

misbehavior by which the rights of any party have been prejudiced; or

(4) [W]here the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(1)–(4); *see also Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008) (holding that these four circumstances comprise the "exclusive grounds" for vacating an arbitration award under the FAA); *Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313, 1324 (11th Cir.2010) (eliminating all judicially-created bases for vacatur in light of the U.S. Supreme Court's decision in *Hall Street*). "The party seeking vacatur has the burden to overcome the strong presumption ... that the arbitration award should stand." *Cunningham v. Pfizer Inc.*, 294 F.Supp.2d 1329, 1331 (M.D.Fla.2003).

■ Plaintiffs ask the Court to vacate the arbitration award for two reasons. First, Plaintiffs move to vacate the award under 9 U.S.C. § 10(a)(1) as an award procured by undue means. Plaintiffs allege that Defendants engaged in a scheme to intentionally intercept Mr. Vooris' emails, including confidential emails with counsel, and that Defendant then used the information gleaned from these emails to their advantage at arbitration. More specifically, Plaintiffs state that GWHB issued Mr. Vooris a GoWaiter.com email address as part of his franchise business and that Mr. Ceppaluni later made an administrative change to Mr. Vooris' email which caused Mr. Ceppaluni to receive a copy of every

email sent to or from Mr. Vooris' GoWaiter.com email address. Plaintiffs submit that they were severely prejudiced during arbitration because Mr. Ceppaluni was able to read these emails, which included communications regarding specific legal strategies to employ at arbitration.

■ "Undue means, warranting a vacatur of award, include measures equal in gravity to bribery, corruption, or physical threat to an arbitrator." *Liberty Sec. Corp. v. Fetcho*, 114 F.Supp.2d 1319, 1321 (S.D.Fla.2000). Part of proving that an arbitration award was procured by undue means requires the complaining party to establish that the improper measures utilized by his opponent were not "discoverable upon the exercise of due diligence prior to or during the arbitration." *Bonar v. Dean Witter Reynolds, Inc.*, 835 F.2d 1378, 1383 (11th Cir.1988).

Plaintiffs have demonstrated no undue means which were not discovered prior to or during arbitration. Indeed, Plaintiffs readily concede that they discovered Defendants' alleged interception of Mr. Vooris' emails well before arbitration began and that they filed an Amended Statement of Claim with the arbitrator in order to raise the issue and to add claims arising from the perceived misconduct. (Doc. 20-1). In his interim arbitration award, which was incorporated into the final arbitration award, the arbitrator considered and resolved all of these claims in favor of Defendants, finding that Mr. Vooris consented to Defendants monitoring his GoWaiter.com email address by accepting the terms of use when the email address was issued to him.[3] (Doc. 25-1). Although Plaintiffs fer-

**3.** In their response to Defendants' cross-motion, Plaintiffs assert that the arbitrator did not resolve all of their claims regarding the alleged email interception. Specifically, Plaintiffs contend that the arbitrator never answered whether Defendants' monitoring of Mr. Vooris' email violated his attorney-client privilege or whether Mr. Vooris waived this privilege. However, Plaintiffs' position is necessarily subsumed within the arbitrator's finding that Mr. Vooris *consented* to Defendants monitoring his email. *See* Fla. Stat. § 90.507 (providing that a person waives a privilege, including the attorney-client privilege, when he consents to the disclosure of protected information).

vently maintain that the arbitrator's decision was wrong, this is no reason to vacate the award. *See Wiand v. Schneiderman,* 778 F.3d 917, 926 (11th Cir.2015) (holding that a court "may revisit neither the legal merits of the award nor the factual determinations upon which it relies"); *Aviles v. Charles Schwab & Co.,* 435 Fed.Appx. 824, 829 n. 7 (11th Cir.2011) (per curiam) ("[A]n incorrect legal conclusion by an arbitrator [is] no ground for setting aside an arbitration ruling."). The fact that Plaintiffs submitted their claims to the arbitrator and the arbitrator considered and resolved these claims at arbitration is enough to preclude vacatur.

■ Second, Plaintiffs move to vacate the arbitration award under 9 U.S.C. § 10(a)(4), claiming that the arbitrator exceeded his powers. Plaintiffs contend that the arbitrator awarded damages to Defendants which exceeded the scope of damages permitted by the franchise agreements. Plaintiffs hinge their argument on the fact that GWBH rebranded its business from "GoWaiter" to "CitySpree." Plaintiffs reason that, because the franchise agreements named the business as "GoWaiter," all damages awarded by the arbitrator for any period during which GWBH operated the business as "CitySpree" exceeded the scope of the franchise agreements.

■ Two principles apply when a court is asked to vacate an arbitration award because the arbitrator exceeded the scope of his authority: (1) the court must "defer entirely to the arbitrator's interpretation of the contract," and (2) the arbitrator cannot ignore the contract's plain language. *Wiregrass Metal Trades Council AFL–CIO v. Shaw Envtl. & Infrastructure, Inc.,* No. 15–11662, 837 F.3d 1083, 1087, 2016 WL 4702017, at *3 (11th Cir. Sept. 8, 2016). Ultimately, so long as the arbitrator arguably interpreted the contract and his interpretation does not ex-pressly contradict the contract's terms, the arbitration award must stand. *See Oxford Health Plans LLC v. Sutter,* —— U.S. ——, 133 S.Ct. 2064, 2068, 186 L.Ed.2d 113 (2013).

■ In this case, the arbitrator found that Plaintiffs breached the franchise agreements in multiple ways and that Defendants were entitled to expectation damages in the form of $380,000 in lost royalties, which represent the royalties Defendants would have realized had Plaintiffs fulfilled their obligations for the remainder of the franchise agreements' respective terms. (Doc. 25-1, p. 23). In Section 19.2 of each franchise agreement, the parties agreed that the arbitrator "shall have the right to award the relief which he or she deems proper, consistent with the terms of this Agreement." (Doc. 20-4, p. 2). It is clear from the arbitrator's award that he interpreted this provision as permitting an award of expectation damages, which is the preferred form of relief for the breach of a contract. *See Katz Deli of Aventura, Inc. v. Waterways Plaza, LLC,* 183 So.3d 374, 379 (Fla.Dist. Ct.App.2013) ("In an action for breach of contract, the goal is to place the injured party in the position it would have been in had the other party not breached the contract so as to give the aggrieved party the benefit of its bargain."). Further, Plaintiffs point to, and the Court has identified, no part of the franchise agreements which prohibit such a remedy. Accordingly, the arbitrator acted within the scope of his contractually-delegated authority by interpreting the franchise agreements to permit an award of expectation damages, an interpretation which is not expressly contradicted by the franchise agreements' plain language.

As a final matter, Plaintiffs' argument concerning GWHB's decision to rebrand its business from "GoWaiter" to "CityS-

pree" is nothing more than a red herring. Regardless of whatever trade name GWHB chose for its business, Plaintiffs were legally obligated to GWHB under the franchise agreements, a fact that was not lost on the arbitrator. (Doc. 25-1, p. 10). Accordingly, GWHB's decision to rebrand is no reason to disturb the arbitrator's award.

### B. Defendants' Cross-Motion to Confirm the Arbitration Award

 Just as the FAA permits an unsatisfied party to seek the vacatur of an arbitration award, the FAA also permits a satisfied party to seek its confirmation:

> [A]t any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in [the FAA].

9 U.S.C. § 9. As the plain language of the statute provides, confirmation is mandatory unless the arbitration award is vacated, modified, or corrected, or unless the moving party fails to file its motion within the time required. *See Cat Charter, LLC v. Schurtenberger*, 646 F.3d 836, 842 (11th Cir.2011). Having found no grounds to vacate, modify, or correct the arbitration award in this case, and noting that Defendants filed their cross-motion within the time required, the Court will confirm the award.

### III. CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Amended Complaint for Vacatur of Arbitration Award [Construed as a Motion to Vacate] (Doc. 10) is **DENIED.**

2. Defendants' Cross-Motion for an Order Confirming the Arbitration Award (Doc. 20) is **GRANTED.** The

Arbitrator's Final Award, dated November 24, 2015, is **CONFIRMED.**

3. Defendants have until and including **October 6, 2016** to file a proposed form of Judgment. Plaintiffs have until and including **October 13, 2016** to file any objections to Defendants' proposed form of Judgment. The failure to file objections within the time provided constitutes a waiver of those objections.

**DONE AND ORDERED** in Orlando, Florida on September 28, 2016.