Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/11/2023 09:11 AM CDT

Yvonne McPherson, appellee, v. Walgreens
Boot Alliance, Inc., appellee, Ferrandino
& Son, Inc., appellant, and Patera
Landscaping, LLC, appellee.

___ N.W.2d ___

Filed August 11, 2023.    No. S-22-603.

1. **Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.
2. ____: ____. Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.
3. **Courts: Jurisdiction: Legislature: Appeal and Error.** For an appellate court to have jurisdiction over an appeal, appellate jurisdiction must be specifically provided by the Legislature.
4. **Arbitration and Award: Federal Acts: Contracts.** In Nebraska, arbitration is governed by the Federal Arbitration Act if it arises from a contract involving interstate commerce; otherwise, it is governed by Nebraska's Uniform Arbitration Act. In analyzing whether the Federal Arbitration Act applies, the initial question is whether the parties' contract evidences a transaction involving commerce as defined by the Federal Arbitration Act.
5. **Arbitration and Award: Federal Acts: Final Orders: Appeal and Error.** Even when an arbitration provision is governed by the Federal Arbitration Act, Nebraska courts still determine finality for purposes of appeal by first applying state procedural rules.
6. **Courts: Legislature: Appeal and Error.** The Nebraska Legislature has authorized appeals from judgments, decrees, and final orders made by the district court.

Appeal from the District Court for Douglas County: Jeffrey J. Lux, Judge. Appeal dismissed.

Jennifer D. Tricker and Brian Barmettler, of Baird Holm, L.L.P., for appellant.

Michael T. Gibbons and Raymond E. Walden, of Woodke & Gibbons, P.C., L.L.O., for appellee Patera Landscaping, LLC.

Heavican, C.J., Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Stacy, J.

This is an interlocutory appeal from a district court order granting a motion to stay arbitration proceedings between codefendants in a negligence action. Because we conclude the order staying arbitration was not immediately appealable, we must dismiss this appeal for lack of jurisdiction.

## BACKGROUND

Walgreens Boot Alliance, Inc. (Walgreens), is a national retail pharmacy chain that contracted with Ferrandino & Son, Inc. (Ferrandino), a national facility maintenance company incorporated and headquartered in New York, to provide landscaping and maintenance services at various pharmacy locations across the United States. In February 2018, Ferrandino subcontracted with Patera Landscaping, LLC (Patera), to perform landscaping and snow and ice removal services at three pharmacy locations in Omaha, Nebraska. Patera is a limited liability company registered in Nebraska.

The subcontract between Ferrandino and Patera contained a clause that required Patera to defend, indemnify, and hold harmless Ferrandino and its customers from "any and all claims reasonably related to [s]ervices you provided or failed to provide under [the subcontract]." The subcontract also contained the following arbitration and choice-of-law provisions:

> **A. Arbitration**. All disputes, controversies and claims of any kind arising out of or relating to this Agreement or the rights and obligations of the parties shall be settled through arbitration by the American Arbitration Association at its Philadelphia, Pennsylvania office, in

accordance with the Federal Arbitration Act and the Commercial Arbitration Rules. . . .

    **B. Governing Law and Jurisdiction**. THE LAWS OF THE STATE OF PENNSYLVANIA SHALL GOVERN THE VALIDITY, PERFORMANCE, INTERPRETATION, AND EFFECT OF THIS AGREEMENT. . . . IF THERE IS AN APPEAL FROM OR RELATING TO AN ARBITRATION, THEN THE PARTIES AGREE TO THE JURISDICTION AND VENUE OF THE COURTS IN MONTGOMERY COUNTY, PENNSYLVANIA OR THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA IN PHILADELPHIA.

In December 2018, Yvonne McPherson was injured when she slipped and fell on an icy sidewalk outside a Walgreens pharmacy in Omaha. In March 2022, McPherson filed a personal injury action against Patera, Ferrandino, and Walgreens in the district court for Douglas County. McPherson's complaint alleged "[t]here was no ice melt, salt, sand, or other abrasive on the sidewalk" where she fell, and she alleged her fall was proximately caused by the negligence of all three named defendants.

The three defendants filed separate answers, represented by separate counsel. As relevant to the issues on appeal, Patera's answer specifically denied that it had a duty, under the subcontract, to provide snow and ice removal at the Walgreens pharmacy on the date of McPherson's fall. Ferrandino's answer included a cross-claim against Patera for indemnity and contribution. In answering the cross-claim, Patera denied the allegations regarding indemnity and contribution and alleged several affirmative defenses, including that the cross-claim failed to state a claim upon which relief could be granted.

### Demand for Arbitration and Motion to Stay Arbitration

Shortly after the defendants filed their responsive pleadings, Walgreens tendered defense of the negligence claims

to Ferrandino under the terms of its contract. Ferrandino, in turn, tendered defense of the claims against Walgreens and Ferrandino to Patera under the terms of the subcontract. When Patera refused the tender of defense, Ferrandino filed a demand for arbitration with the American Arbitration Association seeking a determination that under the terms of the subcontract, Patera had a contractual duty to defend and indemnify both Ferrandino and Walgreens against McPherson's claims. The arbitration demand described the nature of the dispute as a "[b]reach of contract" and asked that the arbitration be conducted in Pennsylvania using an arbitrator who was an "[a]ttorney experienced in [Pennsylvania] law as it applies to contractual disputes involving defense/indemnification provisions."

On July 1, 2022, Patera filed a motion in the district court case to stay the arbitration, expressly relying on Neb. Rev. Stat. § 25-2603 (Reissue 2016) of Nebraska's Uniform Arbitration Act (UAA).[1] Section 25-2603(b) provides in part: "On application, the court may stay an arbitration proceeding commenced or threatened on a showing that there is no agreement to arbitrate."

The district court held an evidentiary hearing on Patera's motion to stay arbitration, and several exhibits were received without objection, including the subcontract agreement and the arbitration demand. Patera took the position that the arbitration provision in the subcontract was governed by the UAA and not the Federal Arbitration Act (FAA).[2] Patera argued that under the UAA, the arbitration provision was unenforceable for the following reasons: (1) specific notice language required by § 25-2602.02 was not included, (2) claims "arising out of personal injury based on tort" are not subject to arbitration under § 25-2602.01(f)(1), (3) Ferrandino exceeded the

[1] See Neb. Rev. Stat. §§ 25-2601 to 25-2622 (Reissue 2016 & Cum. Supp. 2022).

[2] 9 U.S.C. §§ 1 through 16 (2018).

scope of the arbitration clause by including Walgreens in the scheduled arbitration, (4) Ferrandino waived arbitration by filing a cross-claim for indemnification and contribution before filing a demand for arbitration on the same issue, and (5) arbitration of the right to indemnity was premature because there had not yet been a determination of liability entered against either Ferrandino or Walgreens.

In opposing the motion to stay arbitration, Ferrandino took the position that the arbitration provision was governed by the FAA and not the UAA, because the subcontract involved interstate commerce and the parties to the subcontract were domiciled in different states. Ferrandino denied it had waived its right to arbitration by filing a cross-claim for indemnity and contribution, reasoning that its demand for arbitration was based on an alleged breach of contract and that its cross-claim was based on an alleged common-law right to indemnity and contribution between joint tort-feasors. Finally, Ferrandino argued that its demand for arbitration was not premature, because even though the underlying lawsuit was in its early stages and no liability had been determined, Ferrandino was already incurring defense costs as a result of Patera's refusal to accept the tender of defense under the subcontract.

### Order Staying Arbitration

On August 1, 2022, the district court entered an order granting Patera's motion to stay arbitration "until further Order of this Court." The court did not purport to determine many of the legal issues raised by the parties and, instead, concluded generally that arbitration was premature. The district court reasoned:

> It appears to the Court at the present moment in this case that there is nothing to indemnify. There is no judgment favoring [McPherson] against any of the defendants in this case to this point. . . . As such, it seems premature to decide the indemnity issue via arbitration.

Without deciding on the issue of whether the arbitration provision [in the subcontract] fall[s] under Nebraska's [UAA] or the [FAA], the Court grants the Motion to Stay Arbitration due to the fact that such a determination is premature.

The Court is aware of the fact that two parties (Walgreens & Ferrandino) are actively paying attorneys to litigate the case when they believe Patera should be indemnifying them. However, depending on the potential outcome of this case, the payment of those attorney fees may be attributable to others.

Ferrandino filed a timely notice of appeal, after which the Nebraska Court of Appeals directed the parties to brief whether the order filed by the district court was a final, appealable order. We subsequently granted Ferrandino's petition to bypass.

## ASSIGNMENT OF ERROR

Ferrandino assigns, restated and consolidated, that the district court erred in granting the motion to stay arbitration.

## STANDARD OF REVIEW

[1] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.[3]

## ANALYSIS

[2] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.[4]

In briefing the jurisdictional issues, Ferrandino argues that the order staying arbitration is immediately appealable

---

[3] *Seldin v. Estate of Silverman*, 305 Neb. 185, 939 N.W.2d 768 (2020).

[4] *Charter West Bank v. Riddle, ante* p. 263, 989 N.W.2d 428 (2023); *Shasta Linen Supply v. Applied Underwriters*, 290 Neb. 640, 861 N.W.2d 425 (2015).

"pursuant to Neb. Rev. Stat. §§ 25-2620(a)(2) or 25-1902(1)(b), and, alternatively, 9 U.S.C. §16(a)(2)."[5] Patera disagrees, and generally argues there is no statute that authorizes an interlocutory appeal of the order staying arbitration in this case. Furthermore, Patera argues that under our holding in *Shasta Linen Supply v. Applied Underwriters*,[6] an order staying arbitration is not considered a final, appealable order under Neb. Rev. Stat. § 25-1902(1)(b) (Cum. Supp. 2022).

[3] For this court to have jurisdiction over an appeal, appellate jurisdiction must be specifically provided by the Legislature.[7] In other words, unless a Nebraska statute provides for an appeal, such right does not exist.[8] However, before we address whether the Legislature has specifically provided for appellate jurisdiction over this interlocutory appeal, we must first determine whether the arbitration issues are governed by the UAA or the FAA.[9] The parties disagree on that question, too.

Ferrandino contends the FAA applies because the arbitration provision in the subcontract expressly provided that arbitration would be "in accordance with" the FAA and, furthermore, because the subcontract involved interstate commerce. Patera contends the UAA applies, reasoning that the subcontract involves snow and ice removal services performed in Nebraska and thus involves only intrastate commerce.

[4] We have explained that in Nebraska, arbitration is governed by the FAA if it arises from a contract involving interstate commerce; otherwise, it is governed by the UAA.[10]

---

[5] Brief for appellant at 9.

[6] *Shasta Linen Supply, supra* note 4.

[7] See *Nebraska Republican Party v. Shively*, 311 Neb. 160, 971 N.W.2d 128 (2022).

[8] See *id.*

[9] See *Seldin, supra* note 3.

[10] *Id*. See *Aramark Uniform & Career Apparel v. Hunan, Inc.*, 276 Neb. 700, 757 N.W.2d 205 (2008).

In analyzing whether the FAA applies, "the initial question is whether the parties' contract 'evidenc[es] a transaction involving commerce' as defined by the FAA."[11] As we explained in *Webb v. American Employers Group*:[12]

> "Commerce" as defined by the [FAA] includes "commerce among the several States." 9 U.S.C § 1. The U.S. Supreme Court has given the FAA an expansive scope by broadly construing the phrase "'a contract *evidencing a transaction* involving commerce.'" *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 277, 115 S. Ct. 834, 130 L. Ed. 2d 753 (1995) (cited in *Kelley v. Benchmark Homes, Inc.*, 250 Neb. 367, 550 N.W.2d 640 (1996)). The Court has held that the phrase "'involving commerce'" requires a broad interpretation in order to give effect to the FAA's basic purpose, which is to put arbitration provisions on the same footing as a contract's other terms. *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. at 277. The Court has further noted that "the word 'involving,' like 'affecting,' signals an intent to exercise Congress' commerce power to the full." *Id.* The statutory phrase "'evidencing a transaction'" has been construed by the Court to include transactions involving interstate commerce even where the parties did not contemplate an interstate commerce connection. *Id.*

Given this broad federal authority, we have observed that "it is difficult to imagine an economic or commercial activity that would be outside the scope of the Commerce Clause and, by extension, the FAA."[13]

At oral argument before this court, Patera suggested that the removal of snow and ice from a Walgreens pharmacy in

---

[11] *Aramark Uniform & Career Apparel, supra* note 10, 276 Neb. at 704, 757 N.W.2d at 209, quoting 9 U.S.C. § 2.

[12] *Webb v. American Employers Group*, 268 Neb. 473, 478-79, 684 N.W.2d 33, 39 (2004).

[13] *Aramark Uniform & Career Apparel, supra* note 10, 276 Neb. at 706, 757 N.W.2d at 210.

Omaha should be viewed as a purely local activity. But we have recognized that interstate commerce can be implicated even by purely local activities,[14] and we have consistently stated that transactions involving commerce include contracts for services between parties of different states.[15]

Here, parties from different states contracted for snow and ice removal services on commercial properties in Nebraska. We agree with Ferrandino that the subcontract involves a transaction that comes within the scope of the FAA and that the arbitration provision in the subcontract is therefore governed by the FAA.

[5] But concluding that the FAA governs the arbitration provision in the subcontract merely establishes the framework for our jurisdictional analysis and does not answer whether we have appellate jurisdiction over this interlocutory appeal. This is so because even when the FAA applies, Nebraska courts determine finality for purposes of appeal by applying state procedural rules. As we explained in *Webb*:

> [T]o determine whether state law governs the finality for purposes of appeal of an order . . . under the FAA, we must first apply our state procedural rules to determine if the order is final for purposes of appeal and then determine whether the result of that inquiry would undermine the goals and policies of the FAA.[16]

[6] The Nebraska Legislature has authorized appeals from judgments, decrees, and final orders made by the district court.[17] No final judgment or decree has been entered in this case, so under Nebraska's procedural rules, appellate jurisdiction over this interlocutory appeal turns on whether the

---

[14] *Wilczewski v. Charter West Nat. Bank*, 295 Neb. 254, 889 N.W.2d 63 (2016).

[15] See, *Seldin, supra* note 3; *Aramark Uniform & Career Apparel, supra* note 10; *Webb, supra* note 12; *Smith Barney, Inc. v. Painters Local Union No. 109*, 254 Neb. 758, 579 N.W.2d 518 (1998).

[16] *Webb, supra* note 12, 268 Neb. at 481, 684 N.W.2d at 41.

[17] See Neb. Rev. Stat. § 25-1912 (Cum. Supp. 2022).

order staying arbitration is a final, appealable order under § 25-1902 and, if so, whether Neb. Rev. Stat. § 25-1315 (Reissue 2016) is implicated.

In *Shasta Linen Supply*, we held that an order temporarily staying arbitration was not a final order under any of the provisions of § 25-1902.[18] Patera relies on *Shasta Linen Supply* to argue that the district court's order staying arbitration was not a final order under § 25-1902, and Ferrandino argues that *Shasta Linen Supply* is procedurally distinguishable. But we conclude it is not necessary, in this case, to decide whether the order staying arbitration was a final, appealable order under § 25-1902, because § 25-1315 is implicated on the facts of this case and the failure to comply with § 25-1315 is dispositive.

Section 25-1315 provides, in relevant part:

> (1) When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

In *Mann v. Mann*,[19] we held that "in cases where § 25-1315(1) is implicated, and no more specific statute

---

[18] *Shasta Linen Supply, supra* note 4.

[19] *Mann v. Mann*, 312 Neb. 275, 292, 978 N.W.2d 606, 618 (2022).

governs the appeal, an order resolving fewer than all claims against all parties is not final and appealable if it lacks proper § 25-1315 certification." *Mann* held "[t]his is so even if the order otherwise satisfies one of the final order categories in § 25-1902(1)."[20]

It is undisputed that this case involves multiple parties and multiple claims for relief, and no one contends the order staying arbitration resolved all claims against all parties. But Ferrandino argues that § 25-1315 is not implicated in this case, because the order staying arbitration was made in a special proceeding. We expressly rejected such reasoning in *Mann*, where we held, "Section 25-1315(1) can be implicated in civil actions, in special proceedings, and in civil actions joined with special proceedings."[21]

Section 25-1315(1) is implicated here because the case involves multiple parties and multiple claims for relief and because the order staying arbitration was not a decision "adjudicating all the claims and the rights and liabilities of all the parties." Because there has been no proper certification under § 25-1315, we lack appellate jurisdiction over this appeal and it must be dismissed.

For the sake of completeness, we address Ferrandino's argument that § 25-2620(a)(2), a provision in the UAA, is a more specific statute authorizing appeals that renders the appeal procedure in § 25-1315 inapplicable. We are not persuaded. Section 25-2620(a)(2) authorizes an appeal from "[a]n order granting an application to stay arbitration made under subsection (b) of section 25-2603." Section 25-2603(b) in turn provides, in part, that "[o]n application, the court may stay an arbitration proceeding commenced or threatened on a showing that there is no agreement to arbitrate."

While Patera cited to § 25-2603(b) in its motion to stay arbitration, we cannot read the district court's order as

---

[20] *Id.*

[21] *Id.* at 294, 978 N.W.2d at 620.

having stayed arbitration because "no agreement to arbitrate" was shown. To the contrary, the district court's order stayed arbitration based solely on a finding that it was "premature to decide the indemnity issue via arbitration" before the legal liability of any of the codefendants had been determined. We express no opinion on the district court's reasoning, except to observe that it does not fall within § 25-2620(a)(2). We therefore reject Ferrandino's contention that § 25-2620(a)(2) specifically authorizes this interlocutory appeal and renders the more general appeal procedure in § 25-1315 inapplicable.

Although we have concluded that the order staying arbitration is not immediately appealable under Nebraska's procedural rules, *Webb* instructs that when the FAA applies, the analysis of appellate jurisdiction includes one additional step: We must still "determine whether the result of [the appealability] inquiry would undermine the goals and policies of the FAA."[22]

In *Webb*, after concluding that an order denying a motion to compel arbitration was a final, appealable order under § 25-1902, we went on to note that the result of our appealability determination was consistent with the goals and policies of the FAA, because 9 U.S.C. § 16(a)(1)(B) also authorized appeals from such orders. As such, in *Webb*, the application of our state procedural rules on appealability resulted in the same outcome as application of the FAA's appeal provisions.[23]

This case presents a different scenario. Under our state procedural rules, the order staying arbitration is not immediately appealable, because § 25-1315 is implicated but was not followed and no more specific statute authorizes an interlocutory appeal. Conversely, appeals under the FAA are governed by 9 U.S.C. § 16(a), which provides in relevant part: "An

---

[22] *Webb, supra* note 12, 268 Neb. at 481, 684 N.W.2d at 41.

[23] Accord *Morgan Keegan & Co., Inc. v. Smythe*, 401 S.W.3d 595, 606 (Tenn. 2013) (observing "Most courts that have addressed this issue have held that the Federal Arbitration Act's appeal provisions do not preempt state appeal provisions consistent with the Uniform Arbitration Act").

appeal may be taken from . . . (2) an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title[.]" So although the order staying arbitration is not immediately appealable under Nebraska's appellate procedure, it would be appealable under the FAA.

We considered a similar scenario in *Kremer v. Rural Community Ins. Co*.[24] There, we concluded that an order compelling arbitration and staying litigation was immediately appealable under § 25-1902 because it was made in a special proceeding and affected a substantial right. But *Kremer* noted that under the FAA, an order compelling arbitration is not immediately appealable unless the trial court also dismisses the underlying action.[25] Although the outcomes under the FAA and our state procedural rules were different, *Kremer* held that applying our state procedural rules and allowing an immediate appeal would not undermine the goals and objectives of the FAA, reasoning:

> "The FAA contains no express pre-emptive provision, nor does it reflect a congressional intent to occupy the entire field of arbitration." And other courts have concluded that *state appellate procedures only affect the timing of an appeal; they neither preclude the enforcement of a valid arbitration agreement nor interfere with the parties' substantive rights.*[26]

*Kremer* thus concluded the FAA did not preempt Nebraska's procedural rules, because the goals of the FAA were not undermined by allowing an immediate appeal of the arbitration order. We conclude the goals of the FAA are not undermined on these facts either.

---

[24] *Kremer v. Rural Community Ins. Co.*, 280 Neb. 591, 788 N.W.2d 538 (2010).

[25] *Id*., citing *Green Tree Financial Corp.-Ala. v. Randolph*, 531 U.S. 79, 121 S. Ct. 513, 148 L. Ed. 2d 373 (2000).

[26] *Kremer, supra* note 24, 280 Neb. at 602, 788 N.W.2d at 549, quoting *Volt Info. Sciences v. Leland Stanford Jr. U.,* 489 U.S. 468, 109 S. Ct. 1248, 103 L. Ed. 2d 488 (1989) (emphasis supplied).

Even though the FAA would presumably allow for an interlocutory appeal from an order staying arbitration, and application of our state procedural rules does not allow an interlocutory appeal absent compliance with § 25-1315, we conclude that requiring compliance with § 25-1315 affects only the timing of an interlocutory appeal. It does not preclude enforcement of a valid arbitration agreement, and thus, it would not undermine the goals and policies of the FAA.

## CONCLUSION

For the foregoing reasons, this court lacks appellate jurisdiction over this interlocutory appeal, and the appeal is dismissed.

Appeal dismissed.

Miller-Lerman, J., not participating.