ALFORD, Judge.
Defendant, Mickey Construction Company, Inc., appeals the trial court judgment in favor of the plaintiffs, the congregation of Holy Family Catholic Church and the Roman Catholic Church of the Diocese of Houma-Thibodaux, vacating the arbitration award and dismissing defendant’s motion to confirm the award.
The plaintiffs entered into a contract with the defendant for the construction of church facilities. During construction, a dispute arose between the parties relative to whether or not the cost of a two-inch concrete topping used as a base for terrazo flooring was included in the original contract price. Defendant claimed the topping was an additional requirement and requested a change order reflecting the increased price. This dispute was submitted to the project architect who decided that the topping was an additional item and found plaintiffs responsible for an additional amount of $14,558.00.
The plaintiffs sought arbitration in accordance with the contract between the parties and filed a demand for arbitration dated December 17, 1981, with the American Arbitration Association. Defendants answered and filed a counterclaim dated January 12,1982, seeking an award of $41,-610.89. During the arbitration hearing, the plaintiffs objected to the counterclaim as being untimely. The arbitrator overruled the plaintiffs’ objection and allowed evidence on the defendant’s counterclaim to be presented. As a result of the hearing, the arbitrator ordered the plaintiffs to pay the defendant an additional amount of $40,-000.00.
The plaintiffs then filed a motion with the trial court seeking to vacate the arbitration award. Plaintiffs alleged that the counterclaim was not timely filed because no extension of time was proven and that the arbitrator displayed “evident partiality” and “refused to hear evidence pertinent and material to the controversy” so as to allow the award to be vacated in accordance with LSA-R.S. 9:4210. The defendant filed a motion to confirm the arbitration award. After reviewing the evidence in the record, the trial court denied defendant’s motion to confirm and vacated the arbitration award.
The defendant appeals, claiming that the trial court erred in vacating the award based on grounds not provided in LSA-R.S. 9:4210. It is well settled juris-prudentially that an arbitration award may be challenged only on the grounds specified in the statute. The court cannot substitute its conclusion for that of the arbitrator. Firmin v. Garber, 353 So.2d 975 (La.1977). The defendant contends that the court’s finding of no proof of an extension of time does not fall within any of the specified grounds. We disagree. The pertinent part of LSA-R.S. 9:4210(C) states the award shall be vacated “[wjhere the arbitrators were guilty of ... any other misbehavior by which the rights of any party have been prejudiced.” In the instant case, we do not have the American Arbitration Associa *804 tion’s rules before us as part of the record since they were not offered into evidence. However, remarks made during the arbitration hearing by counsel for both parties indicated that they recognized the need for an extension of time in order for the defendant’s counterclaim to be timely. Defendant’s counsel argued that the extension was given orally, but did not introduce either written or verbal evidence of such into the record. The parties who have submitted their differences to arbitrators must make known their claims, and prove them, in the same manner as in a court of justice, by producing written or verbal evidence. La.Civ.Code art. 3112. Thus the arbitrator’s allowance of the counterclaim, based on his reliance on the unsupported comments made by defendant’s counsel, constituted misbehavior which prejudiced the plaintiffs’ rights. We agree with the trial court that the award must be vacated.
The defendant also contends that the trial court misapplied LSA-R.S. 9:4210(C) when it found that the arbitrator refused to hear evidence pertinent and material to the controversy. It is evident from the record that the arbitrator refused to hear or consider the testimony of the project’s structural engineer or to receive documentary evidence which was important to the plaintiffs’ case. He allowed testimony only from the project’s architectural representatives. During the examination of the first witness, the arbitrator referred to the structural engineer as an “old fo-gey” and the architect as “brilliant”. Throughout the hearing, he expressed the opinion that the project architect’s decision had to be honored and abided by even if incorrect. Therefore, we conclude that the trial court did not misapply the provisions of LSA-R.S. 9:4210(0).
For the foregoing reasons, we affirm the trial court’s judgment vacating the award and denying defendant’s motion to confirm the award. This case is remanded for a new arbitration proceeding in accordance with law, the contract of the parties and the views expressed herein. Costs of this appeal are to be borne by the defendant.
AFFIRMED.