Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/06/2024 09:08 AM CDT

Lund-Ross Constructors, Inc., a Nebraska
corporation, appellant, v. The Duke of
Omaha, LLC, a Georgia limited liability
company, et al., appellees.

___ N.W.3d ___

Filed July 30, 2024.    No. A-23-660.

1. **Jurisdiction: Appeal and Error.** A jurisdictional issue that does not involve a factual dispute presents a question of law.
2. **Arbitration and Award: Appeal and Error.** In reviewing a decision to vacate, modify, or confirm an arbitration award, an appellate court is obligated to reach a conclusion independent of the trial court's ruling as to questions of law.
3. **Judgments: Appeal and Error.** When reviewing questions of law, an appellate court resolves the questions independently of the lower court's conclusions. However, the trial court's factual findings will not be set aside on appeal unless clearly erroneous.
4. **Arbitration and Award: Federal Acts: Motions to Vacate.** Congress enacted the Federal Arbitration Act to provide for expedited judicial review to confirm, vacate, or modify arbitration awards.
5. **____: ____: ____.** The Federal Arbitration Act favors arbitration agreements, and this applies in both state and federal courts. Under the act's framework, once an arbitrator comes to a decision and makes an award, the parties have several options. The parties can request the court to confirm the award pursuant to 9 U.S.C. § 9 (2018), vacate the award under 9 U.S.C. § 10 (2018), or modify the award pursuant to 9 U.S.C. § 11 (2018).
6. **Arbitration and Award: Judgments.** The purpose of confirming an arbitration award is to provide a judgment that can then be enforced through court proceedings.
7. **Arbitration and Award: Motions to Vacate.** When arbitration has already occurred and a party seeks to vacate, modify, or confirm an

- 74 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
33 NEBRASKA APPELLATE REPORTS
LUND-ROSS CONSTRUCTORS v. DUKE OF OMAHA
Cite as 33 Neb. App. 73

award, an extraordinary level of deference is given to the underlying award itself.

8. **Arbitration and Award: Federal Acts: Motions to Vacate.** The Federal Arbitration Act sets forth four grounds under which a court may vacate an arbitration award, and in the absence of one of these grounds, the award must be confirmed.

9. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the power and duty of an appellate court to determine whether it has jurisdiction over the matter before it.

10. **Arbitration and Award: Federal Acts: Contracts.** Arbitration in Nebraska is governed by the Federal Arbitration Act if it arises from a contract involving interstate commerce; otherwise, it is governed by Nebraska's Uniform Arbitration Act.

11. **Arbitration and Award: Federal Acts: Jurisdiction: Appeal and Error.** The determination of whether the Federal Arbitration Act or Nebraska's Uniform Arbitration Act governs the arbitration merely establishes the framework for the jurisdictional analysis and does not answer whether an appellate court has jurisdiction over an appeal.

12. **Arbitration and Award: Federal Acts: Final Orders: Appeal and Error.** When the Federal Arbitration Act applies, Nebraska courts determine finality for purposes of appeal by applying state procedural rules.

13. **____: ____: ____: ____.** In order to determine whether state law governs the finality for purposes of appeal of an order under the Federal Arbitration Act, courts must first apply state procedural rules to determine if the order is final for purposes of appeal and then determine whether the result of that inquiry would undermine the goals and policies of the act.

14. **Jurisdiction: Legislature: Appeal and Error.** For an appellate court to have jurisdiction over an appeal, the Legislature must specifically provide appellate jurisdiction. Unless a Nebraska statute provides for an appeal, such right does not exist.

15. **Arbitration and Award: Final Orders: Appeal and Error.** To determine whether an order on an arbitration award is appealable, an appellate court first considers whether it is an appealable order under Nebraska's Uniform Arbitration Act and, if not, whether it is a final order under Neb. Rev. Stat. § 25-1902 (Cum. Supp. 2022).

16. **Final Orders: Appeal and Error.** Under the final order statute, the three types of final orders which may be reviewed on appeal are (1) an order affecting a substantial right in an action that, in effect, determines the action and prevents a judgment; (2) an order affecting a substantial right made during a special proceeding; and (3) an order affecting a

- 75 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
33 NEBRASKA APPELLATE REPORTS
LUND-ROSS CONSTRUCTORS v. DUKE OF OMAHA
Cite as 33 Neb. App. 73

substantial right made on summary application in an action after a judgment is rendered.

17. ____: ____. To determine if an order denying a motion to vacate is a final order, appellate courts consider whether the order affected a substantial right. Whether an order affects a substantial right depends on whether it affects with finality the rights of the parties in the subject matter. It also depends on whether the right could otherwise effectively be vindicated. An order affects a substantial right when the right would be significantly undermined or irrevocably lost by postponing appellate review.

18. **Arbitration and Award: Motions to Vacate.** The denial of a motion to vacate an arbitration award does not affect a substantial right because following the denial of the motion to vacate, the unsuccessful party's recourse would then be a motion to confirm the award.

19. **Judgments: Intent.** The meaning of a court's judgment is a question of law that must be determined from all parts thereof, read in its entirety, and must be construed as a whole so as to give effect to every word and part, if possible, and bring all of its parts into harmony as far as this can be done by fair and reasonable interpretation.

20. **Arbitration and Award: Federal Acts: Contracts: Appeal and Error.** When the Federal Arbitration Act applies, an appellate court must also determine whether the result of the appealability inquiry would undermine the goals and policies of the act. The purpose of the act is to replace judicial indisposition to arbitration with a national policy favoring it and placing arbitration agreements on equal footing with all other contracts.

21. **Arbitration and Award: Motions to Vacate.** Under Nebraska's procedural law for arbitration under Nebraska's Uniform Arbitration Act, a district court is authorized to sua sponte confirm the award following its denial of a motion to vacate. This procedure under the act not only allows the court to confirm an award without a request from the parties, but requires it.

22. **Arbitration and Award: Intent.** The Federal Arbitration Act contains no express preemptive provision, nor does it reflect a congressional intent to occupy the entire field of arbitration.

23. **Arbitration and Award: Appeal and Error.** Where the application of state appellate procedural rules produces a different outcome than would be provided under the Federal Arbitration Act, its goals and policies are not undermined if the state rules only affect the timing of the appeal.

24. **Appeal and Error.** An appellate court will not consider an argument or theory that is raised for the first time on appeal. Thus, when an issue is raised for the first time in an appellate court, it will be disregarded

- 76 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
33 NEBRASKA APPELLATE REPORTS
LUND-ROSS CONSTRUCTORS v. DUKE OF OMAHA
Cite as 33 Neb. App. 73

inasmuch as a lower court cannot commit error in resolving an issue never presented and submitted to it for disposition.

25. **Arbitration and Award: Contracts: Proof: Appeal and Error.** A party seeking relief under 9 U.S.C. § 10(a)(4) (2018) of the Federal Arbitration Act bears a heavy burden. It is not enough to show that the arbitrator committed an error, or even a serious error. Because the parties bargained for the arbitrator's construction of their agreement, an arbitral decision even arguably construing or applying the contract must stand, regardless of a court's view of its (de)merits. Only if the arbitrator acts outside the scope of his or her contractually delegated authority by issuing an award that simply reflects the arbitrator's own notions of economic justice, rather than drawing its essence from the contract, may a court overturn the determination. Thus, the sole question on judicial review is whether the arbitrator interpreted the parties' contract, not whether the arbitrator construed it correctly.

26. **Arbitration and Award: Federal Acts: Motions to Vacate: Proof.** Pursuant to 9 U.S.C. § 10(a)(3) (2018) of the Federal Arbitration Act, vacatur is appropriate where the arbitrator's misbehavior prejudiced the rights of any party to the proceeding. Parties seeking to vacate an award for misconduct under this section must show that they were deprived of a fair hearing. While a fair hearing does not require the arbitrator to hear all evidence tendered by the parties, the arbitrator must give each of the parties to the dispute an adequate opportunity to present its evidence and arguments.

27. **Arbitration and Award: Motions to Vacate.** A court may vacate an award only if the arbitrator's refusal to hear pertinent and material evidence prejudiced the rights of the parties to the arbitration proceedings.

28. **Arbitration and Award.** The arbitrator must provide an opportunity for the parties to present some evidence to support their claims and counter the other party's.

29. ____. An invalid portion of an arbitration award may be severed from the remainder of the award.

30. **Arbitration and Award: Appeal and Error.** A court reviewing an arbitration award under the Federal Arbitration Act can confirm and/or vacate the award, either in whole or in part.

Appeal from the District Court for Douglas County: MOLLY B. KEANE, Judge. Affirmed in part, and in part vacated.

Justin D. Eichmann, of Houghton, Bradford & Whitted, P.C., L.L.O., for appellant.

- 77 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
LUND-ROSS CONSTRUCTORS v. DUKE OF OMAHA
Cite as 33 Neb. App. 73

Justin W. Pritchett and Steven R. Hogan, of Fraser Stryker, P.C., L.L.O., for appellee A Raymond Plumbing, Inc.

Pirtle, Chief Judge, and Riedmann and Bishop, Judges.

Pirtle, Chief Judge.

## I. INTRODUCTION

Lund-Ross Constructors, Inc. (Lund-Ross), entered into an agreement with The Duke of Omaha, LLC (the Duke), to be the general contractor for the construction of an apartment complex. Lund-Ross then hired A Raymond Plumbing Inc. (Raymond) as a subcontractor. After the Duke withheld payment to Lund-Ross, Lund-Ross withheld payment to Raymond. Pursuant to an arbitration clause in their contracts, the Duke and Lund-Ross proceeded to arbitration. After the arbitration hearing, Raymond submitted a counterclaim.

The arbitrator entered an award finding that the Duke owed Lund-Ross $307,103 and that Lund-Ross owed Raymond $215,508.31. Citing procedural irregularities, Lund-Ross filed a motion to vacate or modify the award in the district court for Douglas County, requesting that the court enter an order vacating the award, or at least that portion which provided for any award made in favor of Raymond. The district court denied the motion after finding that none of the grounds for vacatur under the Federal Arbitration Act (FAA) were present. See 9 U.S.C. §§ 1 through 16 (2018 & Supp. VI 2022). Lund-Ross now appeals the district court's denial of its motion. For the following reasons, we affirm in part the award in favor of Lund-Ross, and we vacate in part the arbitration award in favor of Raymond.

## II. BACKGROUND

On February 28, 2017, Lund-Ross entered into a contract with the Duke to be the general contractor for the construction of an apartment complex in Omaha, Nebraska. This agreement had a binding arbitration clause where any claims

- 78 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
33 NEBRASKA APPELLATE REPORTS
LUND-ROSS CONSTRUCTORS v. DUKE OF OMAHA
Cite as 33 Neb. App. 73

between the parties would be resolved through arbitration governed by the FAA.

On May 3, 2017, Lund-Ross subcontracted Raymond to provide the plumbing services for the apartment complex. As part of that agreement, Raymond agreed to arbitrate any claims against Lund-Ross or the Duke. Additionally, this contract had a "pay-if-paid" provision that stated if payment was withheld from Lund-Ross by the Duke, Lund-Ross would withhold payment to Raymond.

After the completion of the apartment complex, the Duke notified Lund-Ross that it was going to withhold $952,599 from its final payment. Accordingly, Lund-Ross withheld payment from Raymond. Lund-Ross and Raymond both proceeded to file construction liens for the amounts owed to them. Lund-Ross' lien was for $952,599 and Raymond's was for $215,508.31. Lund-Ross then filed suit against the Duke, and Raymond filed suit against the Duke and Lund-Ross. Both lawsuits were stayed pending the contractual arbitration. However, because Raymond failed to submit a proposed scheduling order, its suit was eventually dismissed for lack of prosecution and was never refiled.

On May 11, 2021, Lund-Ross filed a demand for arbitration against the Duke where it alleged breach of contract, quantum meruit, and unjust enrichment. As part of this demand, Lund-Ross included Raymond as a respondent. On June 1, the Duke filed a counterclaim against Lund-Ross in the arbitration proceedings for breach of contract, breach of express warranty, and indemnification.

Over the next 1½ years, the appointed arbitrator held progression conferences and entered four scheduling orders on July 26 and December 13, 2021, and March 25 and September 15, 2022. Over this period, Raymond was in contact with Lund-Ross' counsel and agreed to pay a portion of the hearing fees so that its counsel could observe the hearing and answer any of the arbitrator's questions about its involvement in the underlying controversy. Raymond did not otherwise

- 79 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
LUND-ROSS CONSTRUCTORS v. DUKE OF OMAHA
Cite as 33 Neb. App. 73

participate in the proceedings and even acknowledged in an email to the other parties that it did not intend to be an active participant. Accordingly, leading up to the hearing, Raymond never provided a statement of its claim, discovery requests, a witness list, an exhibit list, or a prehearing brief.

The arbitration hearing occurred from January 9 to 11, 2023. Other than the claims outlined by Lund-Ross and the Duke, no other claims or causes of action had been filed in the proceedings or were pending before the arbitrator at the hearing. While no record of the hearing was made, the arbitrator's order and Raymond's attorney's affidavit state that the parties generally agreed Raymond's work was satisfactory and the only reason Raymond was not being paid was because Lund-Ross did not have a contractual obligation to pay Raymond until it had been paid by the Duke.

On January 11, 2023, Raymond's principal testified at the hearing and attempted to assert claims against Lund-Ross. But upon cross-examination, the principal acknowledged that Raymond never filed any claims in the arbitration proceedings and never revived its lawsuit against the Duke and Lund-Ross. After hearing this testimony, the arbitrator stopped the cross-examination and determined that it did not have jurisdiction over Raymond's claims because they were never filed. Raymond's principal then left the hearing.

On January 30, 2023, Lund-Ross and the Duke were notified that Raymond had paid an administrative fee and the arbitrator had granted Raymond's request to file a counterclaim against Lund-Ross in the arbitration proceedings. On February 3, Raymond filed an answer and counterclaim against Lund-Ross for breach of contract, breach of implied covenant of good faith and fair dealing, and quantum meruit/ unjust enrichment. Within these claims, Raymond alleged that Lund-Ross owed it at least $215,508.31. Lund-Ross filed an objection to Raymond's counterclaim, arguing that it was untimely, and motioned to strike it.

- 80 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
33 NEBRASKA APPELLATE REPORTS
LUND-ROSS CONSTRUCTORS v. DUKE OF OMAHA
Cite as 33 Neb. App. 73

On March 9, 2023, without responding to Lund-Ross' objection and motion to strike, the arbitrator entered his award that found the Duke owed Lund-Ross $307,103 and Lund-Ross owed Raymond $215,508.31. On March 29, Lund-Ross filed a "Motion to Modify/Correct Arbitration Award" with the arbitrator requesting that Raymond's award be removed. Raymond filed an objection to this motion, and on April 28, the arbitrator ultimately denied the motion.

On May 23, 2023, Lund-Ross filed a motion to vacate or modify the arbitration award in the district court. In its motion, Lund-Ross argued the award should be vacated pursuant to 9 U.S.C. § 10(a) of the FAA due to the arbitrator's misconduct and misbehavior in allowing Raymond to file its claims after the hearing concluded and refusing to receive evidence in opposition to those claims. The district court denied Lund-Ross' motion and, in its order, stated:

> Here, although the Court recognizes [Lund-Ross'] concerns regarding their ability to present and rebut evidence regarding [Raymond's] claims, the Court does not find that one of the four grounds under which a court may vacate an arbitration award [outlined in 9 U.S.C. § 10(a)] is present. Therefore, the award must be confirmed.

Following this order, Raymond filed a motion to clarify whether the district court's order confirmed the arbitration award or merely indicated that it would be confirmed upon the subsequent filing of a motion to confirm. That motion was not answered before Lund-Ross appealed the district court's denial of its motion to vacate.

On December 22, 2023, Raymond motioned for this court to summarily dismiss Lund-Ross' appeal. Raymond argued that because the district court's order on Lund-Ross' motion to vacate was not a final, appealable order, we did not have jurisdiction over the appeal. On January 8, 2024, we denied Raymond's motion to dismiss and directed the parties to address the jurisdiction issue in their briefs.

- 81 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
33 NEBRASKA APPELLATE REPORTS
LUND-ROSS CONSTRUCTORS v. DUKE OF OMAHA
Cite as 33 Neb. App. 73

## III. ASSIGNMENTS OF ERROR

Lund-Ross assigns, consolidated, restated, and reordered, that the district court erred in (1) failing to determine Raymond waived its right to arbitrate its claims and (2) failing to vacate the arbitration award at least as to the portion providing an award in favor of Raymond pursuant to 9 U.S.C. § 10 because the arbitrator (a) was guilty of misbehavior that caused it prejudice under § 10(a)(3) and (b) exceeded his powers or so imperfectly executed them that a mutual, final, and definite award was not made under § 10(a)(4).

## IV. STANDARD OF REVIEW

[1] A jurisdictional issue that does not involve a factual dispute presents a question of law. See *Cinatl v. Prososki*, 307 Neb. 477, 949 N.W.2d 505 (2020).

[2] In reviewing a decision to vacate, modify, or confirm an arbitration award, an appellate court is obligated to reach a conclusion independent of the trial court's ruling as to questions of law. *Id.*

[3] When reviewing questions of law, an appellate court resolves the questions independently of the lower court's conclusions. See *id.* However, the trial court's factual findings will not be set aside on appeal unless clearly erroneous. *Id.*

## V. ANALYSIS

[4-6] This matter involves the parties' arbitration under the FAA. Congress enacted the FAA to provide for "'expedited judicial review to confirm, vacate, or modify arbitration awards.'" *Seldin v. Estate of Silverman*, 305 Neb. 185, 200, 939 N.W.2d 768, 783 (2020). The FAA favors arbitration agreements, and this applies in both state and federal courts. *Seldin v. Estate of Silverman, supra.* Under the FAA's framework, once an arbitrator comes to a decision and makes an award, the parties have several options. The parties can request the court to confirm the award pursuant to 9 U.S.C. § 9, vacate the award under 9 U.S.C. § 10, or modify the award pursuant to 9 U.S.C. § 11. The purpose of confirming

- 82 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
33 NEBRASKA APPELLATE REPORTS
LUND-ROSS CONSTRUCTORS v. DUKE OF OMAHA
Cite as 33 Neb. App. 73

an arbitration award is to provide a judgment that can then be enforced through court proceedings. *Cinatl v. Prososki, supra.*

[7] When arbitration has already occurred and a party seeks to vacate, modify, or confirm an award, "an extraordinary level of deference [is given] to the underlying award itself." *Seldin v. Estate of Silverman*, 305 Neb. at 200, 939 N.W.2d at 783 (internal quotation marks omitted). The U.S. Supreme Court has instructed that under the FAA, a court may vacate an arbitrator's decision "only in very unusual circumstances." *Seldin v. Estate of Silverman*, 305 Neb. at 201, 939 N.W.2d at 783 (internal quotation marks omitted).

[8] The FAA sets forth four grounds under which a court may vacate an arbitration award, and in the absence of one of these grounds, the award must be confirmed. *Seldin v. Estate of Silverman, supra.* Those grounds are as follows:

> "(1) where the award was procured by corruption, fraud, or undue means;
>
> "(2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> "(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> "(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

*Id.* at 201, 939 N.W.2d at 783, quoting 9 U.S.C. § 10(a).

### 1. JURISDICTION

The parties first contest whether we have proper jurisdiction over this appeal. Before evaluating the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *McPherson v. Walgreens Boot Alliance*, 314 Neb. 875, 993 N.W.2d 679 (2023).

- 83 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
LUND-ROSS CONSTRUCTORS v. DUKE OF OMAHA
Cite as 33 Neb. App. 73

Raymond asserts we lack jurisdiction over the appeal because the district court's order was not a final, appealable order. Raymond contends that an order denying a motion to vacate an arbitration award is not an appealable order under 9 U.S.C. § 16(a) of the FAA, nor is it a final order under Neb. Rev. Stat. § 25-1902 (Cum. Supp. 2022). As to the latter argument, Raymond asserts the appeal cannot be perfected until the district court rules on a motion to confirm and finalizes the rights of the parties. Until that occurs, it argues this is an interlocutory appeal for which we lack jurisdiction.

In response, Lund-Ross essentially argues that the district court's order is a final, appealable order because it both denied its motion to vacate and confirmed the award. And, in the alternative that the court's order did not confirm the award, Lund-Ross cites various cases from the Eighth Circuit where it considered appeals from the denials of motions to vacate arbitration awards without questioning whether it had appellate jurisdiction under the FAA.

[9-12] Before reaching the legal issues presented for review, it is the power and duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Seldin v. Estate of Silverman*, 305 Neb. 185, 939 N.W.2d 768 (2020). Arbitration in Nebraska is governed by the FAA if it arises from a contract involving interstate commerce; otherwise, it is governed by Nebraska's Uniform Arbitration Act (UAA). *Seldin v. Estate of Silverman, supra*. In this matter, it is uncontested that the arbitration involved interstate commerce and was governed by the FAA. However, the determination of whether the FAA or the UAA governs the arbitration merely establishes the framework for the jurisdictional analysis and does not answer whether we have appellate jurisdiction over this appeal. See *McPherson v. Walgreens Boot Alliance, supra.* This is so because even when the FAA applies, Nebraska courts determine finality for purposes of appeal by applying state procedural rules. *McPherson v. Walgreens Boot Alliance, supra.*

- 84 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
33 NEBRASKA APPELLATE REPORTS
LUND-ROSS CONSTRUCTORS v. DUKE OF OMAHA
Cite as 33 Neb. App. 73

[13,14] As the Nebraska Supreme Court provided in *Webb v. American Employers Group*, 268 Neb. 473, 481, 684 N.W.2d 33, 41 (2004):

> [T]o determine whether state law governs the finality for purposes of appeal of an order . . . under the FAA, we must first apply our state procedural rules to determine if the order is final for purposes of appeal and then determine whether the result of that inquiry would undermine the goals and policies of the FAA.

For this court to have jurisdiction over an appeal, the Legislature must specifically provide appellate jurisdiction. *McPherson v. Walgreens Boot Alliance, supra*. In other words, unless a Nebraska statute provides for an appeal, such right does not exist. *Id.*

[15] In *Cinatl v. Prososki*, 307 Neb. 477, 949 N.W.2d 505 (2020), the Supreme Court applied state procedural rules to determine if it had jurisdiction over an appeal from the denial of a motion to vacate an arbitration award that was governed by the UAA. In finding that the order denying the motion to vacate was not a final, appealable order, the court stated, "To determine whether the [order is] appealable, we first consider whether [it is an] appealable order[] under the [UAA] and, if not, whether [it is a] final order[] under . . . § 25-1902." *Cinatl v. Prososki*, 307 Neb. at 486, 949 N.W.2d at 514.

[16] The court first decided that Neb. Rev. Stat. § 25-2620(a) (Reissue 2016) of the UAA was silent as to whether *denials* of a motion to vacate were appealable. See *Cinatl v. Prososki, supra*. As such, it proceeded to evaluate its jurisdiction under Nebraska's final order statute, § 25-1902. Under the final order statute, the three types of final orders which may be reviewed on appeal are (1) an order affecting a substantial right in an action that, in effect, determines the action and prevents a judgment; (2) an order affecting a substantial right made during a special proceeding; and (3) an order affecting a substantial right made on summary application in an

- 85 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
33 NEBRASKA APPELLATE REPORTS
LUND-ROSS CONSTRUCTORS v. DUKE OF OMAHA
Cite as 33 Neb. App. 73

action after a judgment is rendered. See *Cullinane v. Beverly Enters. - Neb.*, 300 Neb. 210, 912 N.W.2d 774 (2018).

[17] To determine if the order denying the motion to vacate was a final order, the court considered whether the order affected a substantial right. Whether an order affects a substantial right depends on whether it affects with finality the rights of the parties in the subject matter. *Cinatl v. Prososki, supra.* It also depends on whether the right could otherwise effectively be vindicated. *Id.* An order affects a substantial right when the right would be significantly undermined or irrevocably lost by postponing appellate review. *Id.*

[18] Citing to a case from the Hawaii Supreme Court, the *Cinatl* court concluded that the denial of the motion to vacate did not affect a substantial right because following the denial of the motion to vacate, "the unsuccessful movant's recourse would then be a motion to confirm the award." 307 Neb. at 488, 949 N.W.2d at 515 (citing *Salud v. Financial Sec. Ins. Co., Ltd.*, 69 Haw. 427, 745 P.2d 290 (1987)). It continued to indicate that because a motion to confirm the award should occur swiftly after a denial of a motion to vacate, the unsuccessful movant would be able to perfect the appeal and obtain appellate review of the order confirming the award. *Cinatl v. Prososki, supra.* Thus, the court stated, "though not immediately appealable, an unsuccessful movant for judicial vacatur should not have to wait long to obtain appellate review." *Id.* at 489, 949 N.W.2d at 516.

In the current matter, Lund-Ross maintains that the holding in *Cinatl* is inapplicable because the district court's order in this case both denied its motion to vacate and confirmed the award. Accordingly, Lund-Ross argues that there is nothing left for the court to decide. Raymond opposes this contention and asserts that the district court's order did not confirm the award.

[19] The meaning of a court's judgment is a question of law that must be determined from all parts thereof, read in its entirety, and must be construed as a whole so as to give effect

- 86 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
33 NEBRASKA APPELLATE REPORTS
LUND-ROSS CONSTRUCTORS v. DUKE OF OMAHA
Cite as 33 Neb. App. 73

to every word and part, if possible, and bring all of its parts into harmony as far as this can be done by fair and reasonable interpretation. See *Bayne v. Bayne*, 302 Neb. 858, 925 N.W.2d 687 (2019). We determine that because the district court concluded its order by stating, "Therefore, the award must be confirmed," the court's order confirmed the arbitration award. Because the court's order confirmed the arbitration award, there is nothing left for the district court to decide. As such, we conclude the district court's denying Lund-Ross' motion to vacate and confirming the award affected a substantial right and was a final, appealable order.

[20] While we have concluded that the district court's order denying vacatur and confirming the award is appealable under Nebraska's procedural rules, *Webb v. American Employers Group*, 268 Neb. 473, 684 N.W.2d 33 (2004), instructs that when the FAA applies, we must also determine whether the result of the appealability inquiry would undermine the goals and policies of the FAA. See *McPherson v. Walgreens Boot Alliance*, 314 Neb. 875, 993 N.W.2d 679 (2023). As articulated by the U.S. Supreme Court, the purpose of the FAA is to "replace judicial indisposition to arbitration with a 'national policy favoring [it] and plac[ing] arbitration agreements on equal footing with all other contracts.'" *Hall Street Associates, L. L. C. v. Mattel, Inc.*, 552 U.S. 576, 581, 128 S. Ct. 1396, 170 L. Ed. 2d 254 (2008).

[21] Here, we recognize that utilizing Nebraska's state procedural rules may yield a different result compared to the application of the FAA. Applying Nebraska's procedural law for arbitration under the UAA, the district court was authorized to sua sponte confirm the award following its denial of Lund-Ross' motion to vacate. Neb. Rev. Stat. § 25-2613(d) (Reissue 2016) of the UAA states "If the application to vacate is denied and no motion to modify or correct the award is pending, the court shall confirm the award." In statutory interpretation, "shall," generally, is considered mandatory and inconsistent with the idea of discretion. *Prokop v. Lower*

- 87 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
33 NEBRASKA APPELLATE REPORTS
LUND-ROSS CONSTRUCTORS v. DUKE OF OMAHA
Cite as 33 Neb. App. 73

*Loup NRD*, 302 Neb. 10, 921 N.W.2d 375 (2019). Therefore, the procedure under the UAA not only allowed the court to confirm the award without a request from the parties, but required it.

In contrast, the FAA does not contain a similar provision allowing trial courts to confirm the arbitration award in the absence of a pending motion to vacate or modify. And federal courts do not all agree as to whether a court can confirm an arbitration award under the FAA in the absence of a specific motion requesting it. Several federal courts have found that an explicit motion to confirm is not necessary and, instead, treated motions to dismiss the opposing parties' motions to vacate as the practical equivalents of a motion to confirm. See *Maidman v. O'Brien*, 473 F. Supp. 25 (S.D.N.Y. 1979). See, also, *Sanluis Developments v. CCP Sanluis, L.L.C.*, 556 F. Supp. 2d 329 (S.D.N.Y. 2008); *General Elec. Co. v. Anson Stamping Co. Inc*., 426 F. Supp. 2d 579 (W.D. Ky. 2006). Likewise, one federal court treated a motion for summary judgment as an implicit motion to confirm. See *Andrea Doreen v. Building Material Local Union 282*, 250 F. Supp. 2d 107 (E.D.N.Y. 2003).

However, in at least one decision, the U.S. District Court for the District of Nebraska has signaled that a formal motion to confirm is necessary to confirm an arbitration award under the FAA because 9 U.S.C. § 9 requires a specific factual finding of "an agreement by the parties for the entry of a judgment on the award." *Riddle v. Wachovia Securities, LLC*, No. 8:05CV87, 2006 WL 83101 at *2 (D. Neb. Jan. 12, 2006). While this case involved a different procedural posture, the court explained that the parties needed to file a formal motion to confirm and that the mere opposition to a motion to vacate and a footnote in an opposing brief seeking confirmation were not the functional equivalents of a motion seeking confirmation.

[22,23] Despite this potential disparity in outcomes between Nebraska's procedural rules and the FAA, we determine that

- 88 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
33 NEBRASKA APPELLATE REPORTS
LUND-ROSS CONSTRUCTORS v. DUKE OF OMAHA
Cite as 33 Neb. App. 73

our decision regarding the finality of the district court's order does not undermine the goals and policies of the FAA. As the Supreme Court has stated, "'The FAA contains no express preemptive provision, nor does it reflect a congressional intent to occupy the entire field of arbitration.'" *Kremer v. Rural Community Ins. Co.*, 280 Neb. 591, 602, 788 N.W.2d 538, 549 (2010) (quoting *Volt Info. Sciences v. Leland Stanford Jr. U.*, 489 U.S. 468, 109 S. Ct. 1248, 103 L. Ed. 2d 488 (1989)). Additionally, the Nebraska Supreme Court has twice indicated that where the application of state appellate procedural rules produces a different outcome than would be provided under the FAA, the FAA's goals and policies are not undermined if the state rules only affect the timing of the appeal.

In *Kremer v. Rural Community Ins. Co., supra*, the court found that an order compelling arbitration was appealable under Nebraska's final order statute but was not appealable under the FAA. Although the outcomes under the FAA and our state procedural rules were different, *Kremer* held that the state procedures only impacted the timing of the appeal and did not interfere with the parties' substantive rights to enforce their agreement. Because of this, the court found that allowing an immediate appeal did not undermine the goals of the FAA. Similarly, in *McPherson v. Walgreens Boot Alliance*, 314 Neb. 875, 993 N.W.2d 679 (2023), the court found that the FAA would allow an interlocutory appeal from an order staying arbitration where Nebraska's procedural rules would not. Despite this incongruence, the court cited to *Kremer* in deciding that applying the state procedural rule did not undermine the goals of the FAA because it only impacted the timing of the appeal, not the substantive rights of the parties to enforce the agreement.

In the matter at hand, our decision that the district court's order confirmed the arbitration award and thus affected a substantial right only affects the timing of the appeal and does not impact the substantive rights of the parties. Accordingly, we conclude that the district court's order was a final,

- 89 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
33 NEBRASKA APPELLATE REPORTS
LUND-ROSS CONSTRUCTORS v. DUKE OF OMAHA
Cite as 33 Neb. App. 73

appealable order under Nebraska's final order statute and that allowing the appeal does not undermine the goals and objectives of the FAA. Therefore, we find that we have appellate jurisdiction over this appeal.

## 2. WAIVER

Lund-Ross assigns the district court erred in failing to find that Raymond waived its right to arbitrate. Lund-Ross generally asserts that by not participating in the arbitration until after the hearing, Raymond acted inconsistently with its right and, therefore, waived its right to partake in the arbitration.

[24] Although Lund-Ross objected to Raymond's claims as untimely and prejudicial, it did not specifically claim that Raymond had waived its right to participate in the arbitration; therefore, Lund-Ross did not properly raise this argument either in the arbitration proceeding or in its motion to vacate filed in the district court. An appellate court will not consider an argument or theory that is raised for the first time on appeal. *Eletech, Inc. v. Conveyance Consulting Group*, 308 Neb. 733, 956 N.W.2d 692 (2021). Thus, when an issue is raised for the first time in an appellate court, it will be disregarded inasmuch as a lower court cannot commit error in resolving an issue never presented and submitted to it for disposition. *Id.* Because Lund-Ross did not raise the issue of waiver in its motion to vacate, the argument was never presented to the district court. Without a ruling from the district court, we are unable to find that it committed error. Therefore, we conclude that Lund-Ross' assignment of error pertaining to the alleged waiver of Raymond's right to arbitration fails.

## 3. FAILURE TO VACATE ARBITRATION AWARD

Lund-Ross assigns the district court erred in failing to vacate the arbitration award under 9 U.S.C. § 10 because the arbitrator exceeded his powers and/or imperfectly executed them under § 10(a)(4) and was guilty of misbehavior that prejudiced its rights under § 10(a)(3).

- 90 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
LUND-ROSS CONSTRUCTORS v. DUKE OF OMAHA
Cite as 33 Neb. App. 73

### (a) Exceeded Powers or
### Imperfectly Executed Them

Lund-Ross argues the award should be vacated under 9 U.S.C. § 10(a)(4) of the FAA because the arbitrator exceeded his powers and/or so imperfectly executed them that a mutual, final, and definite award was not made.

[25] A party seeking relief under 9 U.S.C. § 10(a)(4) bears a heavy burden. *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 133 S. Ct. 2064, 186 L. Ed. 2d 113 (2013). It is not enough to show that the arbitrator committed an error, or even a serious error. *Id.* Because the parties bargained for the arbitrator's construction of their agreement, an arbitral decision even arguably construing or applying the contract must stand, regardless of a court's view of its "(de)merits." *Id.*, 569 U.S. at 569. Only if the arbitrator acts outside the scope of his or her contractually delegated authority by issuing an award that simply reflects the arbitrator's own notions of economic justice, rather than drawing its essence from the contract, may a court overturn the determination. *Id.* Thus, the sole question on judicial review is whether the arbitrator interpreted the parties' contract, not whether the arbitrator construed it correctly. *Id.* See, also, *City of Omaha v. Professional Firefighters Assn.*, 309 Neb. 918, 963 N.W.2d 1 (2021) (stating that same standard of judicial review applies under the UAA).

We determine that Lund-Ross is not entitled to relief under 9 U.S.C. § 10(a)(4) because the record demonstrates the arbitrator interpreted the contract between the parties. In his award, the arbitrator stated:

There was no testimony by Lund-Ross or The Duke that . . . Raymond failed to meet any of its obligations under the subcontract between the parties. There was testimony that Lund[-]Ross withheld from [Raymond] the amount of $215,508.31, based on the "pay-if[-]paid" provision under its subcontract with Lund-Ross based on the withholding of The Duke from Lund-Ross in the amount of $952,599. This arbitration resolved the withholding

- 91 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
LUND-ROSS CONSTRUCTORS v. DUKE OF OMAHA
Cite as 33 Neb. App. 73

issue and I find that [Raymond] is now entitled to pay-
ment of the amount withheld.

This language shows the arbitrator's award was based on his interpretation of the agreement between the parties and the evidence presented to him. Although we acknowledge Lund-Ross' assertions that it was prevented from presenting certain evidence, our task here is limited to deciding whether the arbi-trator was arguably adhering to contract interpretation when he made the award. We determine that he was. Therefore, we conclude the district court did not err in not vacating the arbi-tration award under 9 U.S.C. § 10(a)(4).

### (b) Misbehavior That Prejudiced Lund-Ross' Rights

Lund-Ross argues the award should be vacated under 9 U.S.C. § 10(a)(3) of the FAA because the arbitrator was guilty of misbehavior that prejudiced its rights. Lund-Ross con-tends the arbitrator misbehaved by preventing the full cross-examination of Raymond's principal, not providing any notice of Raymond's counterclaims until after the hearing, and not allowing Lund-Ross the opportunity to present evidence in opposition to Raymond's counterclaims.

Raymond contends this assignment of error should fail because this is the first time that Lund-Ross has argued the arbitration should be vacated under 9 U.S.C. § 10(a)(3). When an issue is raised for the first time in an appellate court, it will be disregarded inasmuch as a lower court can-not commit error in resolving an issue never presented and submitted to it for disposition. *Eletech, Inc. v. Conveyance Consulting Group*, 308 Neb. 733, 956 N.W.2d 692 (2021). Lund-Ross' motion to vacate did not specifically state that it sought vacation under this section of the FAA. However, its motion claimed the arbitrator's actions were "extremely prejudicial" and laid out factual allegations claiming that the arbitrator allowed Raymond to file counterclaims without notifying Lund-Ross and did not allow Lund-Ross to present

- 92 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
33 NEBRASKA APPELLATE REPORTS
LUND-ROSS CONSTRUCTORS v. DUKE OF OMAHA
Cite as 33 Neb. App. 73

evidence in opposition to those claims. Seemingly because of the wide breadth of these allegations, the district court found it necessary to analyze whether vacatur was proper under each of the four grounds provided within 9 U.S.C. § 10 of the FAA. Therefore, because Lund-Ross' motion to vacate contained factual allegations encompassing § 10(a)(3) and the district court did, in fact, decide that vacation was improper under that section, we conclude that this assignment of error is properly before us.

[26,27] Pursuant to 9 U.S.C. § 10(a)(3) of the FAA, vacatur is appropriate where the arbitrator's misbehavior prejudiced the rights of any party to the proceeding. See *Seldin v. Estate of Silverman*, 305 Neb. 185, 939 N.W.2d 768 (2020). Parties seeking to vacate an award for misconduct under this section must show that they were deprived of a fair hearing. *Id.* While a fair hearing does not require the arbitrator to hear all evidence tendered by the parties, the arbitrator must give each of the parties to the dispute an adequate opportunity to present its evidence and arguments. *Hoteles Condado Beach Etc. v. Union De Etc.*, 763 F.2d 34 (1st Cir. 1985); *Global Gold Min., LLC v. Ayvazian*, 612 Fed. Appx. 11 (2d Cir. 2015). In other words, a court may vacate an award only if the arbitrator's refusal to hear pertinent and material evidence prejudiced the rights of the parties to the arbitration proceedings. *Three S Delaware v. DataQuick Information Systems*, 492 F.3d 520 (4th Cir. 2007); *Mical v. Glick*, 581 Fed. Appx. 568 (7th Cir. 2014); *Aviles v. Charles Schwab & Co., Inc.*, 435 Fed. Appx. 824 (11th Cir. 2011).

Three frequently cited and persuasive decisions by the First, Second, and Fifth Circuits illustrate the kinds of refusals to consider evidence that have run afoul of 9 U.S.C. § 10(a)(3). The first is *Hoteles Condado Beach Etc. v. Union De Etc., supra*, where an employee was fired and criminally charged for exposing himself to a guest. In the employment arbitration that followed, the guest refused to testify without her husband present. The arbitrator denied her request, so in lieu

- 93 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
LUND-ROSS CONSTRUCTORS v. DUKE OF OMAHA
Cite as 33 Neb. App. 73

of the woman's live testimony, the arbitrator permitted the hotel to introduce a transcript of the couple's testimony during the criminal case. But the arbitrator then refused to give the transcript any weight and found in the employee's favor. The First Circuit found that this constituted misconduct because the "testimony was unquestionably relevant" and no other evidence was available to substantiate or to refute the company's charges. *Id*. at 40.

The second case is *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16, 17 (2d Cir. 1997), where the Second Circuit found that an arbitration panel's refusal to wait for a witness with "crucial testimony" constituted misconduct under 9 U.S.C. § 10(a)(3). The witness was temporarily unavailable due to a family medical problem, but because the panel deemed that his testimony would be cumulative to other evidence, it did not continue the hearing. The Second Circuit found that there was no reasonable basis to think the testimony was cumulative and that therefore, the arbitrator committed misbehavior that prejudiced one of the parties by excluding evidence "plainly 'pertinent and material to the controversy.'" *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d at 20.

Lastly, in *Gulf Coast Indus. Workers Union v. Exxon Co., USA*, 70 F.3d 847 (5th Cir. 1995), an employer hired an investigator to search for drugs in its refinery. After the investigator found marijuana in one of the employee's vehicles, the employee refused to take a drug test and was fired. In the ensuing arbitration, the company attempted to introduce test results to prove the discovered substance was marijuana. However, the arbitrator said that was unnecessary because the test results were already in evidence. After the hearings were complete, the arbitrator ordered the employee to be reinstated because the employer had not proved the substance was marijuana.

In its finding that this constituted misconduct, the Fifth Circuit stated, "not only did the arbitrator refuse to consider evidence of the positive drug test, he prevented [the

- 94 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
LUND-ROSS CONSTRUCTORS v. DUKE OF OMAHA
Cite as 33 Neb. App. 73

company] from presenting additional evidence by misleading it into believing that [the test results] had been admitted as a business record." *Id.* at 850. The court continued to explain that the arbitrator's use of the company's failure to present evidence, which he told them not to present, as a predicate for ignoring the test results was misconduct that fell squarely within the scope of 9 U.S.C. § 10(a)(3).

Although these cases are not perfectly analogous to the current matter, the present case is an example of a similarly inexplicable refusal to hear "evidence pertinent and material to the controversy." See 9 U.S.C. § 10(a)(3). The arbitrator not only cut short Lund-Ross' ability to cross-examine Raymond's principal at the hearing, but he fully denied its ability to offer any evidence in response to Raymond's counterclaims. While the arbitrator and Raymond state there was no complaint with the quality of Raymond's work product, an issue existed as to whether Raymond's delay on the project contributed to the liquidated damages assessed against Lund-Ross. If it did, this issue was certainly pertinent and material to the controversy.

[28] While the case law from various jurisdictions unanimously supports the proposition that an arbitrator does not need to consider every piece of relevant evidence presented to them, the arbitrator must provide an opportunity for the parties to present *some* evidence to support their claims and counter the other party's evidence. See *Global Gold Min., LLC v. Ayvazian*, 612 Fed. Appx. 11, 14 (2d Cir. 2015) ("[f]airness requires arbitrators to give a party an 'adequate opportunity to present its evidence and argument'"). We do not believe that the arbitrator's limiting the cross-examination of Raymond's principal, allowing Raymond to file its counterclaims after the hearing had already concluded over Lund-Ross' objection, refusing to consider evidence in opposition to those counterclaims, and proceeding to award Raymond the exact amount it sought are indica of a fundamentally fair hearing.

- 95 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
33 NEBRASKA APPELLATE REPORTS
LUND-ROSS CONSTRUCTORS v. DUKE OF OMAHA
Cite as 33 Neb. App. 73

Therefore, we determine that by allowing Raymond to file its counterclaim after the hearing and then subsequently refusing to consider Lund-Ross' evidence in opposition to the counterclaim, the arbitrator was guilty of misconduct and misbehavior that prejudiced Lund-Ross' rights. See *Cong. of Holy Family Cath. Ch. v. Mickey Const.*, 500 So. 2d 802 (La. App. 1986) (court found allowing untimely counterclaim to be filed and accepting evidence on it at arbitration hearing supported vacatur of award on basis that arbitrators were guilty of any other misbehavior by which rights of any party have been prejudiced). Accordingly, we conclude that the district court erred in not vacating the arbitration award in favor of Raymond pursuant to 9 U.S.C. § 10(a)(3) of the FAA. This would leave the award in favor of Lund-Ross undisturbed. The question then becomes whether partial vacatur of an award is allowed under the FAA and Nebraska law.

[29] Neither party provided authority on this particular issue, nor did we locate any Nebraska or Eighth Circuit cases on point. However, Connecticut has a long history of allowing arbitration awards to be severed. The Connecticut Supreme Court has routinely found that "an invalid portion of an arbitration award may be severed from the remainder of the award." *Blondeau v. Baltierra*, 337 Conn. 127, 174, 252 A.3d 317, 348 (2020). The court has stated that (1) "'[when] specific questions have been submitted to the arbitrators, we have held that the portion of the arbitrators' award that was entirely outside the submission was void'"; (2) "'when an arbitrator exceeds his authority, the award is void only to the extent that he does so, if the part [that] is void can be separated from the rest without injustice and without affecting the merits of the part of the award [that] is within the submission'"; and (3) "'[i]f several distinct matters are submitted [to arbitration], the award as to some of them may be good while it is void as to the residue.'" *Id.* at 174, 252 A.3d at 348-49. See, also, *Bodner v. United Services Auto. Ass'n*, 222 Conn. 480, 610 A.2d 1212 (1992); *Local 63, Textile Workers*

- 96 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
33 NEBRASKA APPELLATE REPORTS
LUND-ROSS CONSTRUCTORS v. DUKE OF OMAHA
Cite as 33 Neb. App. 73

*Union v. Cheney Brothers*, 141 Conn. 606, 109 A.2d 240 (1954); *Parmelee v. Allen*, 32 Conn. 115 (1864), *overruled on other grounds, Alexson v. Foss*, 276 Conn. 599, 887 A.2d 872 (2006).

[30] The Second Circuit has similar case law that directly references 9 U.S.C. § 10 of the FAA. "A court reviewing an arbitration award under the FAA 'can confirm and/or vacate the award, either in whole or in part.'" *Scandinavian Reinsurance v. Saint Paul*, 668 F.3d 60, 71 (2d Cir. 2012). While that opinion does not provide any further discussion regarding the issue, it cited a prior Second Circuit opinion that did. See *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95 (2d Cir. 2006). In that prior opinion, the court stated:

> Because "[a]rbitration awards are not self-enforcing," they must be given force and effect by being converted to judicial orders by courts; these orders can confirm and/or vacate the award, either in whole or in part. . . . Here, [the party] petitioned the court to confirm in part and vacate in part the arbitration award. That request simply sought to give effect to the arbitration award. The partial vacatur of the award sought . . . does not alter the nature of the action, which we believe is properly considered to involve "enforcing" the arbitration award.

*Id.* at 104. The court ultimately reversed the decision of the district court, but did not take issue with the proposed procedure of only partially vacating the award.

Based upon the authority cited above, we believe the proper result here is to affirm the award in favor of Lund-Ross' claim against the Duke, but to vacate the award in favor of Raymond's claim against Lund-Ross.

## VI. CONCLUSION

We conclude that we have jurisdiction over this appeal under our state procedural rules and that Raymond did not waive its right to arbitration. We further conclude that the district court did not err in refusing to vacate the arbitration

- 97 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
LUND-ROSS CONSTRUCTORS v. DUKE OF OMAHA
Cite as 33 Neb. App. 73

award under 9 U.S.C. § 10(a)(4), but did err in not vacating the award under § 10(a)(3) as to Raymond. We therefore affirm that part of the district court's decision in favor of Lund-Ross and against the Duke, and we vacate that part of the decision of the district court in favor of Raymond and against Lund-Ross.

Affirmed in part, and in part vacated.